**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ADAM BEETZ,** | § § § | Civil Action No. 26-2433 |
| *Plaintiff,* | § § | |
| v. | § § | |
| **TODD BLANCHE,**<br> in his official capacity as Acting Attorney<br> General of the United States, | § § § § | |
| and | § § | |
| **ROBERT CEKADA,**<br> in his official capacity as the Director of<br> the Bureau of Alcohol, Tobacco, Firearms<br> and Explosives, | § § § § § | |
| *Defendants.* | § | |

## COMPLAINT

Comes now Plaintiff, Adam Beetz, by and through his undersigned counsel, and files this Complaint, and in support thereof states as follows:

**I.    Parties**

1.    Plaintiff is an American citizen, a devoted husband and father of three, and a real-estate developer who employs more than a dozen people. Over sixteen years ago, he helped transport marijuana, resulting in federal criminal convictions for which he pleaded guilty, served his sentence, and obtained early termination of supervised release. He has not had a single run-in with the law since. Still, federal firearm restrictions prohibit him from exercising his fundamental Second Amendment rights, with the result that he cannot protect his family or engage in core

1

American family activity such as teaching his children to hunt. Specifically, Plaintiff desires to purchase and possess ordinary firearms, such as handguns and rifles, for self-defense within the home and outside the home, and for recreational purposes such as hunting, including by open carry and concealed carry, but he is prevented from doing so by 18 U.S.C. § 922(g)(1).

2. Defendant Todd Blanche is the Acting Attorney General of the United States and is sued in his official capacity. As Acting Attorney General, Defendant Blanche is responsible for executing and administering the laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

3. Defendant Robert Cekada is the Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and is sued in his official capacity. As ATF Director, Defendant Cekada is responsible for executing and administering firearms laws of the United States and their implementing regulations, including 18 U.S.C. § 922(g)(1).

## II.    Jurisdiction and Venue

4. This court has subject matter jurisdiction over Plaintiff's claims against Defendants Blanche and Cekada under 28 U.S.C. §§ 1331, 2201, and 2202.

5. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(A).

## III.   Factual Allegations

6. Plaintiff desires to possess ordinary firearms, such as handguns and rifles that have traveled in interstate commerce and are bought and sold in interstate commerce, for self-defense both within the home and outside the home. Plaintiff sincerely desires to engage in recreational hunting, and to teach his children how to hunt, particularly on federal lands that are open to hunting in jurisdictions in which the only disability to which Plaintiff is subject is that found in 18 U.S.C.

§ 922(g)(1). Plaintiff desires to exercise his constitutional right to carry such a firearm both openly and concealed, in a manner that counts as possession in and affecting interstate commerce.

7.      Plaintiff desires to exercise his constitutional right to carry an ordinary firearm of the type described in Paragraph 6 in the same manner and to the same extent that the Second Amendment permits ordinary American citizens to carry such a firearm.

8.      Plaintiff would exercise his right to carry such a firearm but for the federal firearm prohibition in 18 U.S.C. § 922(g)(1) and but for the credible and imminent threat of its enforcement against him should he choose to do so. Plaintiff specifically wishes to carry firearms that are prohibited by § 922(g)(1): that is, Plaintiff does not wish only to possess antique firearms that may be excluded from the prohibition. Moreover, even if some modern firearms are not prohibited under § 922(g)(1) because they (and their ammunition) are manufactured of materials entirely from within the state of sale, Plaintiff believes that he has no way to ascertain that any firearm he may somehow acquire from an intrastate transfer is, in fact, exempt from regulation under § 922(g)(1). Additionally, Plaintiff is unable to acquire any firearms at all from a firearms dealer due to the prohibitions in 18 U.S.C. § 922(d). The result is that Plaintiff has no way other than by filing suit to demonstrate—without risking arrest and imprisonment—his sincerely held desire to purchase and possess the kind of firearm that § 922(g)(1) prohibits him from possessing.

9.      Federal law prohibits Plaintiff from possessing a firearm because of his convictions, in a single federal criminal case, for (1) conspiracy to possess marijuana with intent to distribute and (2) possession of otherwise-lawful firearms in furtherance of the marijuana offense. Plaintiff's offense conduct occurred in 2009 to 2010, he was charged in 2010, he was convicted in 2012.

10.     Plaintiff has never been convicted of any other crime punishable by imprisonment for a term exceeding one year or of any other crime that would, under federal law, result in a prohibition of his possessing a firearm.

11.     Plaintiff has never used, attempted to use, or threatened to use violence against another person, nor did his convictions involve any such violent conduct.

12.     Under 18 U.S.C. § 922(g)(1), Plaintiff's convictions make it unlawful for Plaintiff to "possess in or affecting commerce, any firearm or ammunition."

13.     Under 18 U.S.C. § 922(d)(1), Plaintiff's convictions make it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to" Plaintiff, if such person knows or has reasonable cause to know of Plaintiff's convictions.

14.     Plaintiff's possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is a felony punishable by a fine, imprisonment up to 15 years, or both under 18 U.S.C. § 924(a)(8).

15.     With the exception of a restoration of federal firearm rights under 18 U.S.C. § 925(c) or a full and unconditional presidential pardon, no remedy exists through which Plaintiff may be excused from the prohibitions set forth above.

16.     Plaintiff has applied for relief under 18 U.S.C. § 925(c) and, separately, for a presidential pardon, but Plaintiff has not yet received a determination on either application.

17.     Although the discretionary remedy contemplated by 18 U.S.C. § 925(c) is not yet fully operational because there is no final rule to implement it, the Office of the Pardon Attorney ("OPA") within the Department of Justice has been processing applications for relief under the interim rule, the current version of which is published at 90 Fed. Reg. 34,394 (July 22, 2025).

18.     In January 2026, Plaintiff submitted a complete application for relief under 18 U.S.C. § 925(c) that complied fully with the requirements of the interim rule.

19.     In April and May 2026, several federal legislators contacted the DOJ on Plaintiff's behalf to inquire after his application for relief under 18 U.S.C. § 925(c).

20.     In May 2026, Plaintiff filed FOIA request to obtain, *inter alia*, records that the DOJ might have used in its processing of his application for relief under 18 U.S.C. § 925(c).

21.     As of the date of the filing of this Complaint, no action has been taken on Plaintiff's application for relief under 18 U.S.C. § 925(c).

22.     Plaintiff is a member of "the people" as contemplated by the Second Amendment to the United States Constitution.

23.     Natural-born United States citizens over the age of eighteen who have not committed a crime punishable by death or by life imprisonment without parole are, presumptively, members of "the people" as contemplated by the Second Amendment to the United States Constitution.

24.     Prohibiting Plaintiff from possessing a firearm as set forth above is inconsistent with the historical tradition of firearm regulation in the United States.

**IV.     Claim for Relief**

**COUNT I**
**Second Amendment to the U.S. Constitution as Applied to Plaintiff;**
**Declaratory Judgment Act**

25.     Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint.

26.     18 U.S.C. § 922(g)(1), as applied to Plaintiff, violates Plaintiff's fundamental, individual right to keep and bear arms under the Second Amendment to the United States Constitution.

27.     Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a declaratory judgment against Defendants that 18 U.S.C. § 922(g)(1) violates his Second Amendment rights.

## V.       Prayer for Relief

Wherefore, based on the foregoing, Plaintiff respectfully requests that judgment be entered in his favor and against defendants as follows:

(1) Enter a declaratory judgment that 18 U.S.C. § 922(g)(1), which operates to prohibit Plaintiff from obtaining or possessing a firearm due to his felony convictions, is unconstitutional under the Second Amendment as applied to Plaintiff;

(2) Enter an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Plaintiff; and

(3) Award Plaintiff costs of suit, reasonable attorney's fees under 28 U.S.C. § 2412 or any other applicable statute, other expenses, and any other and further relief that the Court deems appropriate.

**Date:** July 10, 2026                              Respectfully submitted,

/s/ Kyle Singhal
Kyle Singhal (D.C. Bar No. 1601108)
Hopwood & Singhal, PLLC
1701 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006
(202) 769-4080
kyle@hopwoodsinghal.com
*Attorney for Plaintiff*

6